# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

| | | |
|---|---|---|
| STATE OF MINNESOTA | | DISTRICT COURT |
| County of Hennepin | Judicial District: | Fourth |
| | Case Type: | Civil Other/ Misc. |

Kendra Gariepy,

    Plaintiff,

v.

Trans Union LLC, Equifax Information Services, LLC, Caine & Weiner Resource Management, LLC,

    Defendants.

**COMPLAINT**

Plaintiff, by and through her attorney, for her complaint against Defendants upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. The following case highlights a broken collection system that leaves consumers with little to no power to combat blatantly false debts that cripple them from utilizing the credit system. In an effort to collect an invalid debt, Defendant Caine & Weiner Resource Management, LLC furnished false information to the major credit reporting agencies resulting in significant damage to Plaintiff's credit rating and has therefore intentionally harmed her ability to participate in the credit markets. Even after Plaintiff

3

overcame the procedural hurdle of disputing this information with the CRAs[1], the CRAs incredibly ignored her requests entirely and their obligations under federal law.

As a direct result of Defendants' actions, Plaintiff's credit score has been decimated making it impossible for her to utilize any aspect of the credit system. Specifically, this has affected her ability to obtain an auto loan and obtain adequate housing. To say defendants have meddled in every aspect of Plaintiff's life is an understatement.

Worst yet, Defendants have repeatedly re-aged the false debt in an effort to circumvent Fair Credit Reporting Act protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually. This casted Plaintiff as a debtor presently owing money unable to meet her obligation and therefore an unworthy borrower who should not be lent money. Indeed, Plaintiff was denied credit on at least one occasion and fully expects to be denied in the future limiting how he utilizes credit and interacts with potential lenders, insurers, and service providers.

## STATEMENT OF JURISDICTION AND VENUE

2.     This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and the presumption of concurrent state court jurisdiction.

---

[1] The FCRA removed a consumer's ability to take action for defamation under state law. This effectively allows for CRAs to defame individuals with regard to allegations they have not paid debts. The law created procedural hurdles that must be cleared (namely a pre-litigation dispute process) prior to initiating litigation.

4

3. This Court similarly has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

4. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## PARTIES

5. Plaintiff is an adult resident of Hennepin, Minnesota.

6. Defendant Caine & Weiner Resource Management, LLC is a foreign corporation and a professional "debt collector" as defined by 15 U.S.C. §1692a(6) and a furnisher of negative consumer data to major CRAs.

7. Caine & Weiner Resource Management, LLC is registered in Illinois with a service of process address listed as 1010 Dale Street North, St. Paul, Minnesota.

8. Trans Union, LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

9. Equifax Information Services, LLC ("Equifax") is a nationally recognized agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants all conducted business in the State of Minnesota and in the County of Hennepin.

5

## FACTS

11. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by 15 U.S.C. §1692a(3) and § 1681a(c).

12. Defendant Caine & Weiner Resource Management, LLC is, and at all times mentioned herein was, a professional "debt collector" as defined by 15 U.S.C. §1692a(6).

13. The Defendants Trans Union and Equifax ("the CRAs") are consumer reporting agencies ("CRAs") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the companies are in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

14. The CRAs prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information regarding the dates that the account was opened and last active, which are dates that significantly impact the credit score. The last active date can make a derogatory account appear more recent than is accurate, thereby re-aging the account.

15. Plaintiff promptly disputed the alleged debt with the CRAs.

16. Specifically, Plaintiff sent all CRA Defendants such notices via certified mail on or about January 6, 2022.

17. On information and belief, the CRAs transmitted Plaintiff's dispute to Caine & Weiner Resource Management, LLC which was received by the same.

18. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

19. Trans Union and Equifax, failed to respond to Plaintiff dispute yet failed to delete the information as required by law.

20. Various individuals seeking to lend to Plaintiff consulted Plaintiff's consumer reports containing the false information at issue.

21. The direct result of the CRAs issuance of consumer reports to potential lenders containing the false information at issue has caused significant damage to the perceived reputation of Plaintiff and to her ability to borrow money, conduct commerce, and function within modern society.

22. Specifically, the CRAs' false reports have, to date, prevented Plaintiff from being approved to rent an apartment or buy a car.

23. As a direct result of the CRAs' conduct, Plaintiff has suffered from increased stress, anger, frustration, anxiety and, the loss of the ability to borrow money on favorable terms and thereby loss of a means of improving her social and economic position.

24. Caine & Weiner Resource Management, LLC updated the account in question to make the account appear more recent, thereby attempting to circumvent Fair Credit Reporting Act (15 U.S.C. §1681c) protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually.

25. By attempting to collect a debt not authorized by law or contract, Defendant Caine & Weiner Resource Management, LLC violated 15 U.S.C. § 1692e(2).

7

26. By furnishing false information about Plaintiff to various consumer reporting agencies, Defendant Caine & Weiner Resource Management, LLC violated 15 U.S.C. § 1692e(8).

27. Despite the plainly false nature of the Alleged Debt, it remains on Plaintiff's credit report.

28. The direct result of Defendants false reporting was significant damage to Plaintiff's credit rating thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced credit cards.

29. As a result of Defendant Caine & Weiner Resource Management, LLC's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

30. Similarly, as a further result of Defendants' systematic failure to fulfill their statutory duties as CRAs and furnishers, Plaintiff suffered personal financial loss and loss of standing in the community.

31. Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

32. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at

8

issue is contained in his or her report and that procedures exist to assure outdated information is not contained on consumer reports.

33. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

34. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

35. Furnishers of information to CRAs must also comply with certain aspects of the Act. Section 623 of the FCRA, 15 U.S.C. § 1681s-2, addresses the duties of persons who furnish information to the CRAs.

36. After receiving notice of a dispute with regard to the completeness or accuracy of any information a furnisher must conduct a reasonable investigation with respect to the disputed information, and is so doing the furnisher must:

   a. review all relevant information provided by the consumer reporting agency;

   b. report the results of the investigation to the consumer reporting agency;

   c. and, *inter alia*, if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation the furnisher must modify, or permanently block the reporting of that item of information.

37. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

38. Organizations "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another", including law firms, must comply with the FDCPA. FDCPA Section 803, 15 U.S.C. § 15 USC 1692a.

39. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes the amount or character of the debt. FDCPA Section 807, 15 U.S.C. § 15 USC 1692f.

## FIRST COUNT

### Violation of Fair Debt Collection Practices Act

### (Against Caine & Weiner Resource Management, LLC)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. By engaging in the aforementioned behaviors, Defendant violated 15 U.S.C. § 1692d, e(2), e(8) e(11), f(1), and g.

42. As a result of Defendant's violations, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages and $1000 in statutory damages, together with all costs and attorney's fees incurred in bringing this action.

## SECOND COUNT
### Willful Noncompliance with the FCRA

10

(Against All Parties)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The CRAs all willfully failed to comply with the requirements of FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

   b. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

   c. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

45. Caine & Weiner Resource Management, LLC similarly willfully failed to comply with the requirements of the FCRA, including but not limited to the requirements of Section 623: Specifically, after receiving notice of Plaintiff's dispute Caine & Weiner Resource Management, LLC failed to, inter alia,:

   a. review all relevant information and conduct a reasonable investigation into Plaintiff's dispute;

   b. report the results of the investigation to the relevant consumer reporting agency;

   c. and modify, delete, or permanently block the reporting of the disputed information which could not be, and was not, verified.

11

46. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## THIRD COUNT
### Negligent Noncompliance with the FCRA
### (Against the CRAs)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The CRAs negligently failed to comply with the requirements of the FCRA, including but not limited to:

    a. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

    b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

    c. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

49. Caine & Weiner Resource Management, LLC similarly negligently failed to comply with the requirements of the FCRA, including but not limited to the requirements of Section 623. Specifically, after receiving notice of Plaintiff's dispute Caine & Weiner Resource Management, LLC failed to, inter alia,:

12

00770-GARIEPY

    a. review all relevant information and conduct a reasonable investigation into Plaintiff's dispute;

    b. report the results of the investigation to the relevant consumer reporting agency;

    c. and modify, delete, or permanently block the reporting of the disputed information which could not be, and was not, verified.

50. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff and the class members seek damages in an amount to be determined by a jury.

## Jury Demand

51. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

00770-GARIEPY

  c. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

  d. Injunctive relief prohibiting such conduct in the future;

  e. Reasonable attorney's fees, litigation expenses, and cost of suit; and

  f. Any other relief deemed appropriate by this Honorable Court.

Dated: February 17, 2022   **MADGETT LAW**

          /s/David Madgett
          David Madgett (#0390494)
          333 S 7th Street, Suite 2450
          Minneapolis, MN 55402
          (612) 470-5582
          dmadgett@mnlegalassistance.com
          ATTORNEY FOR PLAINTIFF